UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ELMER MITCH STOCKSTILL                                                              PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 1:05CV181-RHW

WAL-MART STORES, INC.                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's [28] Motion for Summary Judgment. Also pending are Defendant's Motion to Strike Plaintiff's expert and Motion to Strike Plaintiff's response to summary judgment as untimely.

## Factual Background

Plaintiff filed this complaint alleging that on August 27, 2004, at approximately 5:15 p.m., he tripped and fell on the sidewalk curbing as he approached the garden center at the Wal-Mart in Picayune, Mississippi. As a result of the fall, Plaintiff alleges that he sustained injuries. The undisputed summary-judgment evidence indicates that the curb at the edge of the parking area was somewhere between two and three and a half inches high and was painted red to distinguish it from the surrounding concrete and asphalt. The ramp itself was painted red as well. Plaintiff admitted that he had gone through the garden center entrance on previous occasions. An eyewitness stated in an affidavit that Plaintiff was not looking at the curb or looking ahead in the direction he was walking when he tripped. Plaintiff confirmed in his deposition that he was not looking at the curb when he tripped but states that he was looking ahead to the garden center entrance. The accident occurred at 5:15 p.m., or approximately two hours before sunset on August 27, 2004. The weather was clear and the area where Plaintiff tripped was dry and cleared

of obstructions.

Plaintiff's expert, Dr. Stephen Rosen, Phd., specializes in pedestrian safety.  In his deposition, he stated that he had not visited the accident scene but had reviewed photographs of the accident scene.  He further stated that the area where Plaintiff tripped "was not in pristine condition and it was not maintained in a safe condition."  He opined that the ramp/sidewalk area did not comply with Standard Building Code, Section 101.3.5, which generally states that buildings and structures shall be maintained in a safe and sanitary condition.  He also opined that the ramp area was not in compliance with the Americans with Disabilities Act (ADA).  Furthermore, Rosen opined that the ramp area was not safe because the ramp and curbing were painted the same color which made it difficult to distinguish the two.

## Law and Analysis

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact

and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment". *Id.* at 709. However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

It is undisputed that Plaintiff was a business invitee. *See Hudson v. Courtesy Motors, Inc.*, 794 So. 2d 999, 1003 (Miss. 2001). As such, Plaintiff must prove either that Wal-Mart's negligence injured him, or that Wal-Mart had knowledge of a dangerous condition and failed to warn him, or that the condition existed a sufficient amount of time so that Wal-Mart should have had knowledge or notice of the condition. *Anderson v. B.H. Acquisition, Inc.*, 771 So. 2d 914, 918 (Miss. 2000). There is no duty to warn of a defect or danger which is as well-known to the invitee as to the landowner, or of dangers that are known to the invitee, or of dangers that are obvious or should be obvious to the invitee in the exercise of ordinary care. *Thompson v. Chick-fil-a, Inc.*, 923 So. 2d 1049, 1052 (Miss. App. 2006).

In this case, Plaintiff alleges that the sidewalk, curbing, and ramp area leading into Wal-Mart's garden center constituted a dangerous condition and that Wal-Mart failed to warn him of

the condition.  On several occasions, the Mississippi courts have visited the issue of trip-and-fall liability where customers trip on the sidewalk areas outside of stores.  For example, the Mississippi Supreme Court has held that, as a matter of law, a sidewalk seven and one-half inches above parking lot level is not an inherently dangerous condition.  *See Stanley v. Morgan & Lindsey, Inc.*, 203 So. 2d 473, 477 (Miss. 1967).  In a similar vein, the Mississippi Supreme Court held that a door threshold raised by three-quarters of an inch did not create an unusual danger, and upheld a directed verdict in favor of a store owner after a customer tripped over the store's threshold and received injuries.  *See McGovern v. Scarborough*, 566 So. 1225, 1228 (Miss. 1990).  The court also held that a six inch high and six inch wide curb was an open and obvious condition that did not create a jury question on negligence.  *See Kroger v. Ware*, 512 So. 2d 1281, 1282 (Miss. 1987).  More recently, the Mississippi Court of Appeals upheld a trial court's summary-judgment ruling concluding that an unbroken, unlittered, dry and otherwise unobstructed sidewalk curb does not create a dangerous condition under Mississippi business premises liability.  *See Thompson v. Chick-fil-a, Inc.*, 923 So. 2d 1049, 1052 (Miss. App. 2006).

An analysis of the foregoing case law demonstrates that the mere fact that a patron of Wal-Mart tripped over a sidewalk or curbing on Wal-Mart's premises by itself does not create a jury question regarding Wal-Mart's negligence.  In order to maintain this action, Plaintiff must allege something more; he must allege some negligence on the part of Wal-Mart.  The Mississippi Supreme Court has held that a condition that is unreasonably dangerous does create a jury question.  *See Tate v. Southern Jitney Jungle Co.*, 650 So. 2d 1347, 1351 (Miss. 1995).

Accordingly, the question before the Court is whether the summary-judgment evidence creates a genuine issue of material fact on whether Wal-Mart's premises constituted an

unreasonably dangerous condition, or whether Wal-Mart was negligent in some other respect, that caused Plaintiff's fall and injuries. In his response to the Motion for Summary Judgment, Plaintiff offers two theories: (1) Plaintiff was unable to see the rise in the curb because there was no color variation between the curb and the ramp to the sidewalk; and (2) the ramp/curb failed to conform to the standard building code and ADA.

      Although Plaintiff's expert hypothesized that the lack of color variation between the curb and the ramp may have caused Plaintiff's fall, the summary-judgment evidence demonstrates that Plaintiff was not looking at the curb when he sustained his fall. Plaintiff has not pointed to any deposition testimony that blames the lack of color variation on his accident. Moreover, Mississippi case law indicates that as a matter of law business owners are not under a duty provide visual warnings, such as the color variation suggested by Plaintiff's expert, as a warning to pedestrians. *See Stanley*, 203 So. 2d at 475 (upholding directed verdict where plaintiff fell from seven and one-half inch curb and yellow paint was not visible to plaintiff leaving the store); *Thompson*, 923 So. 2d at 1053. In fact, the Mississippi Court of Appeals in *Thompson* rejected an expert's opinion that the business was negligent and caused the accident because there were no visual warnings distinguishing the curb from the driveway. 923 So. 2d at 1053. Thus, Plaintiff's theory that Wal-Mart was under a duty to warn by providing color variation is not supported by Mississippi case law.

      Plaintiff's expert also testified that the sidewalk did not comply with the standard building code or the ADA. Plaintiff's expert relied on a generic provision of the building code that requires buildings and structures to be maintained in a safe and sanitary condition. This provision does not mention any specific requirements for sidewalks, curbs, or ramps. This

5

generic building code provision begs the question: what is considered a safe and sanitary condition? From a liability standpoint, Mississippi case law has provided that answer with respect to curbs and sidewalks, i.e. Defendant was not required to use visual clues such as color variations to warn pedestrians of what is considered an open and obvious danger.

Plaintiff's reliance on the ADA is equally misplaced. There is no summary-judgment evidence suggesting that Plaintiff is "disabled" or that Defendant's alleged failure to comply with the ADA caused the accident on August 27, 2004. The expert's testimony regarding non-compliance with the ADA is irrelevant to the issue of causation in this case.

Defendant has demonstrated the lack of a genuine issue of material fact. Specifically, Defendant has demonstrated that the accident was caused by Plaintiff's own negligence--his failure to look where he was going. Moreover, Mississippi case law indicates that curbing and sidewalks are open and obvious hazards that do not by themselves create a dangerous condition such that a business owner owes a duty to warn or a duty to provide visual warnings distinguishing the alleged hazard. Plaintiff has failed to counter with summary-judgment evidence demonstrating that this particular sidewalk/curbing/ramp created an unreasonably dangerous condition, or that Defendant was in any other way negligent.

IT IS THEREFORE ORDERED that Defendant's [28] Motion for Summary Judgment is GRANTED and that Plaintiff's complaint is dismissed with prejudice.

IT IS FURTHER ORDERED that all other pending motions are moot.

SO ORDERED, this the 21st day of June, 2006.

s/ *Robert H. Walker*  
UNITED STATES MAGISTRATE JUDGE